# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Southeast Ready Mix, LLC *at al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:17-cv-02792-ELR |
| v. ) | |
| ) | |
| Argos North America Corp. f/k/a ) | |
| Argos USA Corp *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.  Description of Case:**

*(a)  Describe briefly the nature of this action.*

Plaintiffs Southeast Ready Mix, LLC and Mayson Concrete, Inc. ("Plaintiffs")

allege two antitrust conspiracies in two separate markets, seeking relief against various

Defendants under § 1 of the Sherman Act (15 U.S.C. § 1), § 2 of the Sherman Act (15

U.S.C. § 2), the Declaratory Judgment Act (28 U.S.C. § 2201), the Georgia statute

voiding contracts in restraint of trade (O.C.G.A. § 13-8-2), and/or tortious interference

with business relations under Georgia's common law. Plaintiffs seek injunctive relief,

treble damages, and attorneys' fees.

1

    *(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

    Plaintiffs allege the operation of two distinct cartels in coastal Georgia and southeastern coastal South Carolina.  The first cartel, according to Plaintiffs, is in the market for ready-mix concrete, a perishable commodity product used primarily in the building, paving, and construction industries.  The alleged ready-mix cartel consists of Defendants Argos Ready Mix, LLC ("Argos"),[1] Coastal Concrete Southeast II LLC ("Coastal"), Elite Concrete LLC, Elite Concrete Holdings, LLC, and Elite Concrete of SC, LLC (collectively, "Elite"), Evans Concrete Holdings Inc. and Evans Concrete, LLC (collectively, "Evans"), and Thomas Concrete, Inc., Thomas Concrete of Georgia, Inc., and Thomas Concrete of South Carolina, Inc. (collectively "Thomas") (together, "the Ready-Mix Defendants").  Plaintiffs allege that the Ready-Mix Defendants conspired both to jointly monopolize the market for ready-mix concrete in the geographic market comprising parts of coastal Georgia and southeastern coastal South Carolina, and to restrain trade within that same market. More specifically, Plaintiffs allege a group boycott of themselves and other nonparticipating competitors by the Ready Mix Defendants.

    The second cartel, according to Plaintiffs, is in the market for cement, a binding agent that is an ingredient of ready-mix concrete and is sold primarily to ready-mix

---

[1] As set forth below, Argos Ready Mix, LLC is improperly named in the Complaint.  In 2016, Argos Ready Mix, LLC was merged completely into Argos USA LLC, and the former entity no longer exists.

suppliers.  The alleged cement cartel consists of Defendants Argos North America, Corp. ("Argos"), Holcim (US) Inc. ("Holcim"), and Cemex, Inc., Cemex Materials, LLC, and Cemex Southeast, LLC (collectively "Cemex") (together, "the Cement Defendants"[2]), along with non-party Giant.  Plaintiffs allege that the Cement Defendants entered into a horizontal conspiracy to fix the price of cement in the geographic market comprising parts of coastal Georgia and southeastern coastal South Carolina.

Plaintiffs further allege that while participating in both cartels, Argos secured a monopoly in the market for cement and used its favorable position in that market to benefit the members of the ready-mix cartel downstream.

Plaintiffs contend that as a result of the alleged anticompetitive conduct, Plaintiff Mayson Concrete, Inc. was forced out of business in 2011, and Plaintiff Southeast Ready Mix, LLC lost profits.

   (c)  *The legal issues to be tried are as follows:*

Defendants each have filed and/or joined motions to dismiss and assert that no legal issues should remain after consideration of those motions.  Plaintiffs' oppositions are due November 17. Depending on the resolution of those motions, some or all of the following legal issues may need to be determined:

- Whether the Ready-Mix Defendants violated the Sherman Act by jointly

---

[2] The use of abbreviated reference to groups of defendants is for convenience only, and in no way diminishes Plaintiffs' obligation to prove all elements of all claims asserted against each and every defendant in this case.

monopolizing the ready-mix concrete market, by attempting to jointly monopolize that market, and/or conspiring to jointly monopolize the same market.

- Whether the Ready-Mix Defendants violated the Sherman Act by conspiring to exclude Plaintiffs from the ready-mix concrete market.

- Whether each of the Cement Defendants violated the Sherman Act by conspiring as horizontal competitors to unlawfully fix prices in the cement market and that any such conspiracy caused Plaintiffs to suffer injury.

- Whether Argos attained and/or attempted to attain a monopoly in the cement market.

- Whether the Ready-Mix Defendants violated Georgia common law by tortiously interfering with prospective or existing business relations of Plaintiffs.

- Whether each of the Ready-Mix Defendants and each of the Cement Defendants formed one or more contracts in general restraint of trade in violation of the Georgia Code and that Plaintiffs are entitled to obtain any relief.

- Whether each Plaintiff has suffered an antitrust injury related to anticompetitive conduct proven for each of the Ready Mix Defendants and Cement Defendants.

- Whether each Plaintiff suffered damages directly caused by unlawful conduct by each of the Ready-Mix Defendants and Cement Defendants, reasonable calculations of any damages amount, and that damages are not barred by the statute of limitations.

*(d)  The cases listed below (include both style and action number) are:*

   (1)   Pending Related Cases:

There are no pending related cases.

(2)   *Previously Adjudicated Related Cases:*

The Ready-Mix Defendants state that *United States ex rel. Young v. Lafarge, S.A. et al.*, No. 13-0095 (S.D. Ga.) is a previously adjudicated related case for the reasons stated in the Ready-Mix Defendants' Joint Motion to Dismiss. The Ready-Mix Defendants contend that the record in the case at issue conclusively establishes the scope of the allegations.

Plaintiffs state that the case cited by Ready Mix Defendants was a False Claims Act case involving some overlapping conduct witnessed and reported by a then-current Argos employee, but only insofar as it related to fraud on the federal government. The case was voluntarily dismissed before any defendant responded to the complaint.

**2.**   This case is complex because it possesses one or more of the features listed below (please check):

| | | |
|---|---|---|
| **X** | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| **X** | (3) | Factual issues are exceptionally complex |
| **X** | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| **X** | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

**3.**   **Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

For Plaintiffs Southeast Ready Mix, LLC and Mayson Concrete, Inc.:

Jarod Bona
California Bar No. 234327
jarod.bona@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

For Defendants Argos North America Corp. and Argos USA, LLC:

Howard Feller
Virginia Bar No. 18248
hfeller@mcguirewoods.com
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
804.775.4393

For Defendants Cemex, Inc., Cemex Materials, LLC, and Cemex Southeast, LLC:

James R. McGibbon
Georgia Bar No. 492350
jimmcgibbon@eversheds-sutherland.com
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street NE, Suite 2300
Atlanta, Georgia 30309
404.853.8008

For Defendant Coastal Concrete Southeast II LLC:

David M. Burkoff
Georgia Bar No. 179902
dburkoff@huntermaclean.com
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
200 E. Saint Julian St.

Savannah, GA
912.236.0261

> For Defendants Elite Concrete LLC, Elite Concrete Holdings LLC, and Elite Concrete of SC LLC:

Robert M. Brennan
Georgia Bar No. 079798
rmb@phrd.com
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street, NE, Suite 3600
Atlanta, GA 30308
404.681.5969

> For Defendants Evans Concrete Holdings, Inc., and Evans Concrete, LLC:

Jeffrey W. DeLoach
Georgia Bar No. 081669
jeff@ehdhlaw.com
EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC
1220 Langford Drive, Building 200-101
Watkinsville, GA 30677
706.540.4000

> For Defendant Holcim (US) Inc.:

Tarek Ismail
Illinois Bar No. 6225226
Jennifer Greenblatt
Illinois Bar No. 6304769
tismail@goldmanismail.com
jgreenblatt@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
564 West Randolph Street, Suite 400
Chicago, IL 60661
312.681.6000

For Defendants Thomas Concrete, Inc., Thomas Concrete of Georgia, Inc., and Thomas Concrete of South Carolina, Inc.:

Gregory R. Hanthorn
Georgia Bar No. 323937
ghanthorn@jonesday.com
JONES DAY
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309-3053
404.521.3939

**4.      Jurisdiction:**

*Is there any question regarding this Court's jurisdiction?*

_____Yes          **_X_** No

**5.      Parties to This Action:**

*(a)  The following persons are necessary parties who have not been joined:*

The parties agree that there are no necessary parties who have not been joined.

*(b)  The following persons are improperly joined as parties:*

The parties agree that no parties are improperly joined.

*(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

The name of one party has been inaccurately stated in the Complaint. Argos Ready

Mix, LLC no longer exists.  The entity was merged into Argos USA LLC in 2016.  All

8

other party names are correctly stated.

*(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

The parties acknowledge such duty.

## 6.    Amendments to the Pleadings:

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.*

(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:

**At this time, the parties do not anticipate any amendments to the pleadings.**

*(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

## 7.    Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY  DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)  *Summary Judgment Motions:*  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions

for reconsideration.

    (d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

The parties agree that no adjustments to the above-stated filing times appear necessary at this time, but reserve the right if good cause exists to seek from the Court an extension of the filing time for any motion.

**8.   Initial Disclosures:**

    *The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).*

### Defendants' Position

Each of the Defendants objects to making initial disclosures at this time.  Each Defendant has moved to dismiss the Complaint in its entirety, and these motions remain pending at this time.  *See* ECF Nos. 53, 55, 56, 60, 63.  If granted, these motions will dispose of this case altogether.  Alternatively, if the Court grants one or more of Defendants' motions in whole or in part, it potentially would narrow the issues in the case, the parties to the action, or both.  In light of this potential, and given the breadth of Plaintiffs' case as pled and the agreed-upon extension provided to Plaintiffs for filing their oppositions to the motions to dismiss, Defendants respectfully submit that making the required initial disclosures at this time would be premature and would not be an efficient use of the resources of either this Court or the parties.  *See, e.g.*, *Redford v. Gwinnett*

*County Judicial Circuit*, 350 Fed. Appx. 341, 346 (11th Cir. 2009) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).  Defendants therefore respectfully submit that initial disclosures should be exchanged within thirty days after the appearance of the first defendant by answer to the Complaint, which date marks the commencement of the discovery period under Local Rule 26.2(A).  This schedule will ensure that Plaintiffs are in possession of the requisite information by the start of the 8-month discovery period, and thus will neither delay the resolution of this case, nor result in any prejudice to Plaintiffs while conserving resources.

### *Plaintiffs' Position*

Plaintiffs state that motions to dismiss are routinely filed and the Federal Rules of Civil Procedure do not contemplate a delay under Rule 26 or this Court's scheduling order. Moreover, Plaintiffs are entitled to early discovery under Rules 26 and 34, Federal Rules of Civil Procedure, and possession of Defendants' initial disclosures may streamline Plaintiffs' requests.

### 9.      Request for Scheduling Conference:

*Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.*

The parties do not believe that a scheduling conference is necessary at this time and

therefore do not request one.

**10.    Discovery Period:**

*The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed:*

Defendants state that in light of the pending motions to dismiss in this case, the parties are not presently in a position to indicate with either precision or particularity the subjects on which discovery may be needed.

Plaintiffs state that it will require discovery for following non-exclusive list of subjects:

- Communications and agreements among defendants

- Actions in furtherance of conspiracy (e.g., scorecards, competitor reports, communications with customers)

- Rebates, kickbacks, and payoffs

- Transactional-level sales data of defendants

- Market information

- Concealment and spoliation of evidence by defendants

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

The parties agree that this antitrust action is subject to the 8-month discovery track under Appendix F to this Court's Local Rules.  To ensure that both the fact discovery and the expert discovery are completed within that 8 month period, the following deadlines would be set:

- Fact discovery cutoff—6 months from the date on which discovery commences

- Plaintiffs' expert report(s) due by the fact discovery cutoff date

- Defendants' deposition(s) of plaintiffs' expert(s)—no later than 2 weeks after the plaintiffs' expert report(s) submitted

- Defendants' expert report(s) due 30 days after plaintiffs' expert report(s) submitted

- Plaintiffs' deposition(s) of defendants' expert(s)—completed by the end of the 8 month discovery period

The parties do not presently anticipate that additional time beyond 8 months will be necessary to complete discovery, but reserve the right to request additional time if good cause exists.

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

<u>Interrogatories</u>:

The parties have not been able to agree to limitations on interrogatories in this case and their respective positions are set forth below.

**<u>Defendants' Position:</u>**

- The Plaintiff Family[3] may serve no more than 30 written interrogatories, including all discrete subparts, on each Defendant Family.[4]

- Each Defendant Family may serve no more than 30 written interrogatories, including all discrete subparts, upon the Plaintiff Family.

Defendants state that Plaintiffs' proposed limitation on interrogatories for the Defendants is not acceptable because it is a dramatic reduction from the presumptive limits in the Federal Rules which authorize the submission of interrogatories by each party, not each side.   *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written

---

[3] For purposes of this Joint Pretrial Order, the Plaintiff Family is comprised of the two named plaintiffs, Southeast Ready Mix, LLC and Mayson Concrete, Inc.

[4] For purposes of this Joint Pretrial Order, a Defendant Family is comprised of those Defendants who are affiliated with one another, or who share common ownership.  For instance, Defendants Evans Concrete Holdings, Inc. and Evans Concrete, LLC, together comprise one Defendant Family referred to collectively as Evans.  There are seven Defendant Families in this case: Argos, Cemex, Coastal, Elite, Evans, Holcim (only one entity named in Complaint), and Thomas.

interrogatories, including all discrete subparts.").   Defendants further submit that the number of interrogatories each Defendant Family is permitted to serve on the Plaintiff Family should be equivalent to the number of interrogatories the Plaintiff Family is permitted to serve on each Defendant Family.

### Plaintiffs' Position:

- The Plaintiff Family may serve no more than 30 written interrogatories, including all discrete subparts, on each Defendant Family.

- Defendants may collectively serve no more than 30 written interrogatories, including all discrete subparts, upon the Plaintiff Family.

Plaintiffs state that Defendants should be jointly limited to 30 interrogatories because such limits are typical of cartel cases. *See, e.g.*, Order Regarding Discovery Limits, *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD Dkt. 725 (May 18, 2015) (allowing each plaintiff class to serve 35 interrogatories on each defendant family and limiting defendants to 25 jointly served interrogatories on each plaintiff). In antitrust cases, "the proof is largely in the hands of the alleged conspirators." *Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 746 (1976). Under Defendants' proposal, each Defendant family would only be required to answer 30 interrogatories despite each possessing evidence relating to their participation in the conspiracies alleged in the complaint. That evidence is likely to be unique as to each Defendant family's actions in furtherance of the conspiracies. In contrast, Defendants all share common issues of proof with regard to the discoverable information in Plaintiffs' possession—information relating

to antitrust injury and damages—but would be allowed to serve 210 interrogatories on Plaintiffs, coordinated through the joint defense group they have formed. Plaintiffs' proposal more accurately reflects the reality of discovery in antitrust litigation, while Defendants' proposal would inundate Plaintiffs with virtually unlimited interrogatories.

<u>Depositions:</u>

The parties agree to the following limitations on depositions in this case and respectfully request that this Court enter an order adopting them for this case.

- Plaintiffs may collectively take no more than 5 depositions of each Defendant Family and 10 depositions of nonparties, but the total number of depositions taken by Plaintiffs may not exceed 25. This total does not include depositions of retained expert witnesses.

- Defendants may collectively take no more 5 depositions of each Plaintiff and 15 depositions of nonparties, but the total number of depositions taken by Defendants may not exceed 25.  This total does not include depositions of retained expert witnesses.

- The limits on the duration of each deposition shall remain unchanged from those set forth in Fed. R. Civ. P. 30(d)(1).

(b) Is any party seeking discovery of electronically stored information?

  **X**  Yes               ___ No

The parties agree that a written protocol governing the exchange of electronically stored information ("ESI Protocol") will be necessary in this case.  The parties have agreed to work together to create a mutually agreeable ESI Protocol prior to the commencement of discovery in this case.

16

**12.**     **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties agree that a protective order to govern the exchange of information during discovery will be necessary in this case.  The parties have agreed to work together to draft a mutually agreeable proposed protective order for the Court's review prior to the commencement of discovery in this case.

**13.**     **Settlement Potential:**

(a)     Lead counsel for the parties, or their designees, certify by their signatures below that they conducted a Rule 26(f) conference that was held on **October 18, 2017**, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs:**

**Lead counsel:**

**Aaron Gott:   ___*/s/ Aaron R. Gott*_____**

**Other participants:  Steven Levitsky, Luis Blanquez**

**For Defendant Argos:**

**Lead counsel:**

**Howard Feller:  _____*/s/ Howard Feller*_____**

**Other participants:  Nicholas Giles**

**For Defendant Cemex**:

    **Lead counsel:**

        **Yvonne Williams-Wass:** __*/s/ Yvonne Williams-Wass* _____

**For Defendant Coastal**:

    **Lead counsel:**

        **David Burkoff:** ____*/s/ David Burkoff* _____

**For Defendant Elite**:

    **Lead counsel:**

        **Robert Brennan:** ___*/s/ Robert Brennan* _____

**For Defendant Evans**:

    **Lead counsel:**

        **Jeffrey DeLoach:** ____*/s/ Jeffrey DeLoach* _____

**For Defendant Holcim**:

    **Lead counsel:**

        **Jennifer Greenblatt:** ___*/s/ Jennifer Greenblatt* _____

**For Defendant Thomas**:

    **Lead counsel:**

        **Gregory Hanthorn:** ____*/s/ Gregory Hanthorn* _____

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

      (_____) A possibility of settlement before discovery.
      (_____) A possibility of settlement after discovery.
      (_____) A possibility of settlement, but a conference with the judge is needed.
      (___**X**___) No possibility of settlement.

(c)     Counsel **do** intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: upon the issuance of the Court's decision on the pending motions to dismiss.

(d)     The following specific problems have created a hindrance to settlement of this case.

The parties agree that there are no specific problems creating a hindrance to

settlement.

## 14.     Trial by Magistrate Judge:

The parties **do not** consent to having this case tried before a magistrate judge of this Court.

Dated: November 1, 2017                              Respectfully submitted,


By: s/*Aaron R. Gott*                                By: s/ *Kurt E. Lentz*
                                                     Kurt E. Lentz
Richard L. Robbins                                   Georgia Bar No. 804355
Georgia Bar No. 608030                               klentz@mcguirewoods.com
rrobbins@robbinsfirm.com                             MCGUIREWOODS LLP
ROBBINS ROSS ALLOY BELIFANTE                         Suite 2100, Promenade
LITTLEFIELD, LLC                                     1230 Peachtree Street NE
999 Peachtree Street NE, Suite 1120                  Atlanta, GA 30309
Atlanta, GA 31401                                    404.443.5500
678.701.9381


Jarod Bona                                           Howard Feller (*pro hac vice*)
California Bar No. 234327                             Virginia Bar No. 18248
jarod.bona@bonalawpc.com                             hfeller@mcguirewoods.com
Aaron R. Gott                                        J. Brent Justus (*pro hac vice*)
California Bar No. 314264                             Virginia Bar No. 45525
aaron.gott@bonalawpc.com                             bjustus@mcguirewoods.com
BONA LAW PC                                          Casey Erin Lucier (*pro hac vice*)
4275 Executive Square, Suite 200                     Virginia Bar No. 80363
La Jolla, CA 92037                                   clucier@mcguirewoods.com
858.964.4589                                         Nicholas J. Giles (*pro hac vice*)
                                                     Virginia Bar No. 86584
Steven Levitsky                                      ngiles@mcguirewoods.com
steven.levitsky@bonalawpc.com                        MCGUIREWOODS LLP
BONA LAW PC                                          Gateway Plaza
375 Park Ave, # 2607                                 800 East Canal Street
New York, NY 10152                                   Richmond, VA 23219-3916
212.634.6861                                         804.775.1000


*Attorneys for Plaintiffs Southeast*                 *Attorneys for Defendants Argos North*
*ReadyMix, LLP and Mayson Concrete,*                 *America Corp. and Argos Ready Mix,*
*Inc.*                                               *LLC*

By: s/ *James R. McGibbon*
James R. McGibbon
Georgia Bar No. 492350
jimmcgibbon@eversheds-
sutherland.com
Yvonne M. Williams-Wass
Georgia Bar No. 360368
yvonnewass@eversheds-
sutherland.com
Brittany M. Cambre
Georgia Bar No. 350793
brittanycambre@eversheds-
sutherland.com
999 Peachtree Street NE, Suite 2300
Atlanta, Georgia 30309
404.853.8000

*Attorneys for Defendants Cemex, Inc.,*
*Cemex Materials, LLC, and Cemex*
*Southeast, LLC*

By: s/ *David M. Burkoff*
David M. Burkoff
Georgia Bar No. 179902
dburkoff@huntermaclean.com
HUNTER, MACLEAN, EXLEY &
DUNN, P.C.
200 E. Saint Julian St.
Savannah, GA
912.236.0261
912.236.4936 (fax)

*Attorney for Defendant Coastal Concrete*
*Southeast II LLC*

By: s/ *Robert M. Brennan*
Robert M. Brennan
Georgia Bar No. 079798
rmb@phrd.com
PARKER, HUDSON, RAINER &
DOBBS LLP
303 Peachtree Street, NE, Suite 3600
Atlanta, GA 30308
404.681.5969

*Attorney for Defendants Elite Concrete*
*LLC, Elite Concrete Holdings LLC, and*
*Elite Concrete of SC LLC*

By: s/ *Jeffrey W. DeLoach*
Jeffrey W. DeLoach
Georgia Bar No. 081669
jeff@ehdhlaw.com
EPPS, HOLLOWAY, DELOACH &
HOIPKEMIER, LLC
1220 Langford Drive, Building 200-101
Watkinsville, GA 30677
706.540.4000

*Attorneys for Defendants Evans Concrete*
*Holdings, Inc., and Evans Concrete, LLC*

By: s/ *Seth Litman*
Seth Litman
Georgia Bar No. 454060
seth.litman@thompsonhine.com
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, GA 30326
404.541.2967

Tarek Ismail (*pro hac vice*)
Illinois Bar No. 6225226
tismail@goldmanismail.com
Jennifer Greenblatt (*pro hac vice*)
Illinois Bar No. 6304769
jgreenblatt@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 West Randolph Street, Suite 400
Chicago, IL 60661
312.681.6000

*Attorneys for Defendant Holcim (US) Inc.*

By: s/ *Gregory R. Hanthorn*
Gregory R. Hanthorn
Georgia Bar No. 323937
ghanthorn@jonesday.com
JONES DAY
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309-3053
404.521.3939

*Attorneys for Defendants Thomas*
*Concrete, Inc., Thomas Concrete of*
*Georgia, Inc., and Thomas Concrete of*
*South Carolina, Inc.*

24

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this_____ day of_____,
20_____.


_____

UNITED STATES DISTRICT JUDGE