# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| Southeast Ready Mix, LLC et al., | Civil Action No.:17-cv-02792-ELR |
| *Plaintiffs*, | **PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR UNITED STATES' MOTION FOR LIMITED STAY OF DISCOVERY** |
| Argos North America Corp. et al., | |
| *Defendants*. | |

Although plaintiffs do not oppose the United States' proposed limited extension of the stay in principle, the proposed order creates an ambiguity in the Court's scheduling order for this case that could be interpreted to severely prejudice plaintiffs in discovery. Plaintiffs request the Court resolve that ambiguity by clarifying that the expiration of the limited stay is when the stay "expires" for purposes of the scheduling order.

## PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint in this action on July 24, 2017. Dkt. 1. On August 22, 2018, the Court issued an order that effectively denied in part the defendants' motions to dismiss (by granting plaintiffs' leave to amend the complaint after finding that the remaining claims were not futile). Dkt. 91.

On January 18, 2019, the U.S. Department of Justice Antitrust Division

moved to intervene in this action to protect its interests in active criminal ant1-itrust investigations that overlap with the claims made by plaintiffs in this case. *See* Dkt. 125. It simultaneously moved for a stay of all discovery for six months. Dkt. 126. The Court granted the motions January 22, 2019, staying all discovery until July 22, 2019. Dkts. 128, 130.

The Court thereafter entered a scheduling order January 28, 2019. Dkt. 133. In the order, the Court noted that "all discovery has been stayed until July 22, 2019. When discovery proceeds in this action, per the parties' request, this case is assigned to the 8-month discovery track." *Id.* at 1. The order further set the fact discovery cutoff for "6 months from the date on which the stay of discovery expires," and numerous other deadlines that either turn on the fact discovery cutoff or the start of the 8-month discovery period. *Id.* at 1-2.

DOJ sought an additional six-month extension of the stay, which the Court granted. Dkts. 139, 143. As previously contemplated, the stay was set to expire January 22, 2020 and, if it was not extended, discovery would commence. On January 21, 2020, DOJ moved to extend the stay, but this time only on a limited basis. Dkt. 152. It included a proposed order, Dkt. 152–2, which, if granted, would mean "discovery in this case may proceed" but the parties would be prohibited from (1) conducting ***any*** depositions or issuing any requests for admissions and (2) seeking or responding to otherwise relevant and

2

material discovery requests that "refer, reflect, or relate to any party's or witness's communications with [DOJ] in connection with the grand jury investigation or with the grand jury (including, but not limited to, the fact or existence of such communications)." *Id.* at 1–2.

Prior to DOJ's filing of the motion and proposed order, plaintiffs proposed a revision to the order that would clarify a potential ambiguity in the scheduling order, which does not appear to contemplate a limited stay. The revision added a single additional clause to the end of the proposed order: "IT IS FURTHER ORDERED that the stay of discovery 'expires' under the scheduling order, Dkt. 133, on the date that the limited discovery stay expires." *See* Ex. 1, Proposed Order. Defendants, however, objected to the revision.

## ARGUMENT

Plaintiffs do not oppose the proposed limited stay in principle, but request the Court's order clarify two matters that could lead to later disputes if not resolved now. First, the order should clarify that the deadlines in the scheduling order do not begin to run until the limited stay expires. This resolves an ambiguity that could create unworkable discovery deadlines. Second, the order should explicitly prohibit parties from withholding documents from production by identifying them as having been produced to DOJ.

3

I.  **THE COURT SHOULD CLARIFY THAT THE DISCOVERY DEAD-LINES TURN ON THE EXPIRATION OF THE PROPOSED LIMITED STAY**

The Court's scheduling order was entered shortly after the Court granted DOJ's initial discovery stay request and contemplated that discovery would commence when the stay "expires." Dkt. 133 at 1–2. The limited stay proposed now creates an ambiguity in the scheduling order as to when the stay "expires" and, therefore, when the 8-month timer starts ticking: defendants' position appears to be that since limited discovery can now commence, the stay "expire[d]" January 22, 2020. But that interpretation would create an untenable situation in which plaintiffs have only two months to schedule and take dozens of depositions, issue requests for admissions, and issue any other discovery requests regarding an entire category of highly relevant and material subject matter. Plaintiffs therefore request that the Court enter the attached proposed order to clarify the effect of the limited stay on the scheduling order.

A.  **DOJ's Proposed Order Potentially Creates Impossible Discovery Deadlines that Would Severely Prejudice Plaintiffs**

If, for purposes of the scheduling order, the stay "expire[d]" January 22, the discovery period would be wholly unworkable and highly prejudicial to plaintiffs: they would be prohibited from seeking any depositions or requests for interrogatories and any discovery calculated to efficiently obtain the most relevant and material information relating to this case for the first four of six

total months of fact discovery. Not only would they be required to wait until only two months remain to seek that discovery, but they would have to prepare their expert report(s), which must incorporate that information, at the same time.

Indeed, if that were the case, plaintiffs would have a total of two months to take as many as 45 depositions (5 for each of 7 defendant families plus 10 nonparty depositions). And they would not receive **responses** to their requests for admissions or any other discovery requests relating to documents produced to the DOJ until one month prior to the fact discovery cutoff.[1] In that same period of time, plaintiffs would be required to prepare and serve an expert report incorporating that information by the same date as the fact discovery cut-off. Finally, all of this assumes that the parties fully and completely respond to such requests such that no discovery dispute need be resolved by the Court.

### B.   Plaintiffs' Proposed Order Avoids Ambiguity and Is Reasonable for a Case of this Size and Complexity

Plaintiffs' proposed order resolves the ambiguity in the scheduling order that the limited stay creates by clarifying that the deadlines in the scheduling

---

[1]  Under the order proposed by DOJ, plaintiffs would be prohibited from issuing such requests until the expiration of the stay, or four months into the six-month fact discovery period. Defendants would then have 30 days to respond to the requests under Fed. R. Civ. P 33(b)(2), 34((b)(2)(A), or 36(a)(3). Assuming that defendants fully responded to such requests in 30 days without objection, that would leave plaintiffs only one month to (1) use those responses in depositions and (2) incorporate those responses into their expert report(s).

order run from the date on which the limited stay "expires," which is expected to be May 22, 2020. This ensures that plaintiffs have adequate opportunity to conduct discovery in a reasonable time commensurate with the scope and complexity of this litigation.

Plaintiffs' proposal gives the parties four additional months to engage in some limited discovery beyond what the typical 8-month discovery track would allow. But this is a complex case involving allegations of two overlapping conspiracies among seven named defendant families (and other unnamed co-conspirators) that spanned at least 7 years. Indeed, DOJ's criminal investigations have been ongoing for more than a year, which suggests that fact discovery in this related civil action would be difficult to complete in six months anyway.

## II.   DEFENDANTS SHOULD NOT BE ALLOWED TO AVOID PRODUCING DISCOVERY BY SELF-DESIGNATING DOJ COMMUNICATIONS

DOJ's proposed order creates another potential ambiguity or conflict that the Court should resolve to avoid later disputes: on one hand, the proposed order would prohibit the parties from "issuing or responding to any interrogatories or requests for production that refer, reflect, or relate to any party's or witness's communications with [DOJ]." Dkt. 152–2 at 1. On the other hand, "no party is precluded from identifying its own documents as having been produced to the DOJ or the grand jury." *Id.* at 2.

The most reasonable interpretation of the proposed order does not pose

a problem: the order is concerned with *requests* that refer, reflect, or relate to any party's or witness' communications with DOJ (it prohibits the parties from issuing or responding to them). But plaintiffs are concerned the latter provision could be interpreted as allowing defendants to identify documents as having been disclosed to DOJ and withhold them from production on that basis, since such identification would "refer, reflect, or relate to . . . communications with" DOJ. *Id.* at 1. Plaintiffs propose an additional sentence clarifying that identification does not make such documents non-discoverable.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court enter an order granting the limited stay that (1) clarifies the deadlines in the scheduling order begin to run when the limited stay expires and (2) prohibits parties that have identified requested documents as having been disclosed to DOJ from avoiding production of those identified documents on that basis.

DATED: February 4, 2020

Respectfully submitted,

By: */s/Richard L. Robbins*

Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Rachel F. Gage
Georgia Bar No. 547982
rgage@robbinsfirm.com
ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD
LLC
500 14th St. NW
Atlanta, GA 30318
(678) 701-9381
(404) 856-3250 (fax)

By: */s/ Aaron Gott*

Jarod Bona *(admitted phv)*
jarod.bona@bonalawpc.com
Aaron R. Gott *(admitted phv)*
aaron.gott@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 964-4589
(858) 964-2301 (fax)

—

Steven Levitsky *(admitted phv)*
steven.levitsky@bonalawpc.com
BONA LAW PC
The Seagram Building
375 Park Ave., Suite 2607
New York, NY 10152
(212) 634-6861
*Counsel for Plaintiffs*
*Southeast Ready Mix, LLC and*
*Mayson Concrete, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2020, the foregoing Plaintiffs' Response in Opposition to Intervenor United States' Motion for Limited Stay of Discovery was filed electronically with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to all counsel of record in this matter.

By: s/ Aaron Gott
California Bar No. 314264
(*admitted phv*)
Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 90037
(858) 964-4589