IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Southeast Ready Mix, LLC, et al.,<br><br>*Plaintiffs*,<br><br><br>Argos North America Corp., et al.,<br><br>*Defendants*. | Civil Action No.<br>1:17-cv-02792-ELR |

## **JOINT DISCOVERY STATEMENT**

Pursuant to this Court's Order at Dkt. No. 3, Plaintiffs and Cemex Defendants ("Cemex") submit this Joint Discovery Statement to address three discovery issues.

**I.    Discovery Issue 1:  Time Period for Plaintiffs' Document Requests**

This dispute has been fully briefed. *See* Dkt. Nos. 255, 258, 260.

**Plaintiffs' Position.** Plaintiffs request the Court order Cemex to produce documents responsive to plaintiffs' discovery requests for the time period from January 1, 2009 through February 11, 2020, which are relevant and proportional to the needs of this case because they are targeted at the scope and timing of defendants' interrelated conspiracies and all of Rule 26(b)(1)'s factors weigh in plaintiffs' favor. *See* Dkt. No. 255 at 3–5. First, responsive documents from the full time period meet the low standard of relevance because the documents encompass matters bearing on

1

both liability and damages issues, which is why courts routinely permit similar discovery. *See* Dkt. No. 255 at 8–15; s*ee also InComm Holdings, Inc. v. Great Am. Ins. Co.*, No. 1:15-cv-2671-WSD, 2016 U.S. Dist. LEXIS 37943, at *8 (N.D. Ga. Mar. 23, 2016); *Ashton Woods Holdings LLC v. USG Corp.* (*In re Domestic Drywall Antitrust Litig.*), MDL No. 13-2437; 15-cv-1742, 2016 U.S. Dist. LEXIS 81673, at *5 n.3 (E.D. Pa. June 22, 2016); *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, No. 01-2410-JAR, 2003 U.S. Dist. LEXIS 14014, at *10 (D. Kan. July 22, 2003); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008).

Second, the requests are proportional because all the Rule 26(b)(1) factors weigh in plaintiffs' favor. *See* Dkt. No. 255 at 12–15. For example, the documents are important to prove when the conspiracy began and ended, and how it affected the market compared to pre- and post-conspiracy benchmark periods. *See Quonset Real Est. Corp. v. Paramount Film Distrib. Corp.*, 50 F.R.D. 240, 241 (S.D.N.Y. 1970). Nonetheless, Cemex provides no information that the discovery is actually burdensome on a multi-billion dollar company. *See* Dkt. No. 255 at 14–15.

**Cemex's Position.** Cemex objects to producing documents from an eleven-year period when the allegations directed to it relate, at most, to the four-year period between 2012 and 2016. Cemex is alleged to have a "negligible" share of bulk cement in the relevant geographic markets. Second Am. Compl. ¶ 48. Plaintiffs

make only two other vague allegations regarding Cemex's participation in the alleged cement cartel; one dates back to 2013 and the other to 2016. *Id.* ¶ 50(b)-(c). Cemex requests that the Court limit the temporal scope of Plaintiffs' discovery from Cemex to the period alleged in the Complaint: 2012 to 2016.

## II. Discovery Issue 2: Hit Reports for Search Terms

**Plaintiffs' Position.** As briefed in Dkt. No. 265, Plaintiffs request the Court to order Cemex to review and produce documents using plaintiffs' proposed search terms. Plaintiffs' proposal is tailored to identify relevant, responsive documents but Cemex stonewalled plaintiffs' effort to meet and confer in good faith. *See* Dkt. No. 265 at 2–3. After months of delay, Cemex responded with drastic modifications with little explanation, refuses to provide even the most basic information—standard document hit reports—that would allow plaintiffs to evaluate the modifications so that the parties can meet and confer in good faith, and is withholding responsive documents because plaintiffs will not blindly accept its modifications. *See* Dkt. No. 265 at 5-7; *see also FDIC v. Brudnicki*, 291 F.R.D. 669, 679 (N.D. Fla. 2013). Furthermore, Cemex bears the burden to show overbreadth or undue burden, and to justify its proposed modifications, but cannot do so without providing hit counts. *See* Dkt. No. 265 at 7–9; *see also In re Furstenberg Fin*. Sas, 16-cv-60266-BLOOM, 2017 U.S. Dist. LEXIS 217622, at \*\*15–17 (S.D. Fla. Oct. 30, 2017). The Court

should compel the use of plaintiffs' search terms to avoid further delay and prejudice to plaintiff. *See* Dkt. No. 265 at 8–9.

**Cemex's Position.** Plaintiffs have refused to discuss the details of Cemex's proposed revisions to Plaintiffs' proposed search terms; instead, Plaintiffs demand a hit report for all of the proposed and revised terms as a condition for these good-faith discussions. Plaintiffs' proposed search terms were arbitrarily selected without an understanding of the different unrelated businesses, products, and territories which those non-descript terms might implicate. Cemex remains willing to work towards agreement by discussing its suggested revisions.

If Plaintiffs had agreed to meet and confer, as they are required to do, Cemex would have explained that a number of its revisions addressed the relevance of terms capturing information relating to products and businesses that are not the subject of this lawsuit. This lawsuit relates to ready-mix concrete and bulk Portland cement in coastal Georgia and South Carolina, and the allegations directed to Cemex involve only bulk Portland cement, a product Cemex generally does not sell in the relevant geographic area. Plaintiffs have seemingly acknowledged that at least some of Cemex's revisions address its concerns that the sweeping, generic nature of the terms implicate Cemex's unrelated business lines outside of the geographic area. Nevertheless, Plaintiffs refuse to discuss the proposed revisions in any detail.

Cemex asks the Court to order Plaintiffs to meet and confer in good faith regarding Cemex's revisions to the search terms.

### III. Discovery Issue 3:  Cemex's Discovery Requests to Plaintiffs

**Cemex's Position.**  Some eight months ago, in March 2020, Cemex served a narrow set of discovery requests seeking the documents, facts, and communications that Plaintiffs relied upon or had identified at the time they filed their Complaint as a basis to assert their very limited allegations against Cemex. Ex. A, Cemex's Requests for Production Nos. 1 to 4; Ex. B, Cemex's Interrogatories Nos. 1 to 3. Plaintiffs have yet to complete their production of documents and have failed to meaningfully supplement their interrogatory responses despite committing in early August to do so by "late August or early September."  Plaintiffs claim that their delay is somehow excused due their purported review of various recordings which they claim is still underway, and that they are not yet prepared to fully respond to the narrow interrogatories addressing what, if any, basis Plaintiffs had for the filing of their Complaint against Cemex.  It is not clear why Plaintiffs need more than eight months to review recordings and documents if they were in fact the basis for their Complaint first filed on July 24, 2017.  Cemex is entitled to at least a basic understanding the facts supporting Plaintiffs' assertions of pricing fixing in a market in which it does not participate.  Cemex has raised this issue with Plaintiffs in several

meet and confer sessions beginning in May, and in email or letter correspondence in June, August, September, October, and November, 2020. Cemex asks the Court to order Plaintiffs to promptly complete their discovery responsive to Cemex's narrow requests.

**Plaintiffs' Position.** Cemex does not raise a good faith discovery dispute, as it has not (and cannot) point to any demand that plaintiffs have refused. Instead, it merely throws mud at plaintiffs—based on falsehoods—to distract from its own discovery failings. Cemex mischaracterizes its requests as "narrow" when its discovery requests seek "all documents" or "all facts" related to broad categories, which may cover, among many other things, hundreds of audio recordings that are difficult and time consuming to review. *See, e.g.*, Ex. A, Cemex's Requests for Production Nos. 1 to 4; Ex. B, Cemex's Interrogatories No. 2. Cemex also falsely claims that plaintiffs have not "meaningfully" supplemented their interrogatory responses when, in fact, plaintiffs did so on December 1, 2020. These interrogatories were premature contention interrogatories, but plaintiffs nevertheless responded.

Despite the fact that plaintiffs served their discovery requests a month before Cemex, Cemex essentially asks the Court to require plaintiffs to *complete* discovery before Cemex even *begins* searching for the bulk of its responsive documents. Cemex's request should be denied.

DATED: December 4, 2020         Respectfully submitted,

BONA LAW PC

By: s/ *Aaron R. Gott*
Aaron R. Gott *(admitted phv)*
aaron.gott@bonalawpc.com
15 S. 9th Street, Suite 239
Minneapolis, MN 55402
(612) 284-5001

Jarod M Bona *(admitted phv)*
jarod.bona@bonalawpc.com
Jon F. Cieslak *(admitted phv)*
jon.cieslak@bonalawpc.com
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 964-4589
(858) 964-2301 (fax)

Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Rachel F. Gage
Georgia Bar No. 547982
rgage@robbinsfirm.com
ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD LLC
500 14th St. NW
Atlanta, GA 30318
(678) 701-9381
(404) 856-3250 (fax)

*Counsel for Plaintiffs*
*Southeast Ready Mix, LLC and*
*Mayson Concrete, Inc.*

7

EVERSHEDS SUTHERLAND (US) LLP

By: s/ *Patricia A. Gorham*
Patricia A. Gorham
Georgia Bar No. 302669
patriciagorham@eversheds-sutherland.com
James R. McGibbon
Georgia Bar No. 492350
jamesmcgibbon@eversheds-sutherland.com
Kaitlin A. Carreno
Georgia Bar No. 174813
kaitlincarreno@eversheds-sutherland.com
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Tel.: 404-853-8000
Fax: 404-853-8806

*Counsel for Cemex Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2020, the foregoing Joint Discovery Statement was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this matter.

By: s/ Aaron R. Gott
(*admitted pro hac vice*)
Bona Law PC
15 S. 9th Street, Suite 239
Minneapolis, MN 55402