**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SOUTHEAST READY MIX, LLC,   *
et al.,                     *
                            *
          Plaintiffs,       *
                            *
     v.                     *        1:17-CV-02792-ELR
                            *
ARGOS NORTH AMERICA CORP.,  *
*f/k/a* ARGOS USA CORP., et al.,   *
                            *
          Defendants.       *
                            *

_____

**O R D E R**

_____

Presently before the Court is Intervenor United States Department of Justice's "Motion to Extend the Limited Stay of Discovery." [Doc. 278]. By its instant motion, Intervenor requests an indefinite extension of the current limited stay of discovery "until the disposition of the [related] criminal case" involving the Parties in this matter. [Doc. 278-1 at 1].

Since January 2019, Intervenor has submitted multiple similar requests for a stay of the discovery period in these proceedings—which the Court has granted—but its previous motions all requested a stay (or extension of the existing stay) for a

specified period of months or through a certain date.[1]  [See Docs. 126, 130, 139, 143, 152, 167, 206, 207, 222, 225, 253, 254].  As noted above, Intervenor does not, at present, attempt to forecast a date by which the related criminal case may be concluded.  [See generally Doc. 278-1).  Rather, Intervenor asks this Court to extend the limited stay indefinitely "until the disposition of the [related] criminal case," which Intervenor defines as "when the charges against all defendants [in the related criminal case] have been resolved by dismissal, guilty plea, or trial verdict."  [See id. at 1 n.1].

Upon consideration, the Court **DENIES** Intervenor's motion.  [Doc. 278].  Instead, the Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** this case pending the disposition of the related criminal matter, as set forth by Intervenor.  The Court notes that administrative closure will not prejudice the rights of the Parties in this matter.  Any Party need only file a motion to reopen the case if it so chooses.  Upon conclusion of the parallel criminal proceedings, the Parties should promptly

---

[1] As Intervenor sets forth in its present motion, on January 18, 2019, it first "moved for a stay of all discovery for a period of six months, with leave to seek extension of the stay if necessary. [Doc. 126]." [Doc. 278-1 at 3].  The Court granted this first motion to stay discovery due to the pendency of the ongoing parallel criminal proceedings on January 22, 2019.  [Doc. 130]. Intervenor again requested an extension of the stay of all discovery on July 19, 2019 [Doc. 139], which the Court granted by an Order dated July 23, 2019.  [Doc. 143].  Several months later, Intervenor moved for a limited stay of discovery through May 22, 2020 (or until further order of the Court) [Doc. 152], and the Court granted the motion on March 2, 2020.  [Doc. 167].  Over the last year, Intervenor has requested—and the Court has granted—three (3) additional extensions of the limited stay of discovery.  [See Docs. 206, 207, 222, 225, 253, 254].

move to reopen the case or file a stipulation of voluntary dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**SO ORDERED**, this 18th day of March, 2021.

Eleanor L. Ross
United States District Judge
Northern District of Georgia