## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SOUTHEAST READY MIX, LLC,    *
et al.,    *
    *
        Plaintiffs,    *
    *
        v.    *       1:17-CV-02792-ELR
    *
ARGOS NORTH AMERICA CORP.,    *
f/k/a ARGOS USA CORP., et al.,    *
    *
        Defendants.    *
    *

_____

# O R D E R
_____

This matter is presently before the Court on Plaintiffs Southeast Ready Mix,

LLC and Mayson Concrete, Inc.'s "Motion to Administratively Reopen the Case."

[Doc. 288].    Intervenor United States Department of Justice ("DOJ") timely

submitted its response in opposition to Plaintiffs' motion, as did Defendants Argos

North America Corp.; Argos Ready Mix, LLC (together with Argos North America

Corp., the "Argos Defendants"); Elite Concrete LLC; Elite Concrete Holdings, LLC;

Elite Concrete of SC, LLC (collectively with Elite Concrete LLC and Elite Concrete

Holdings, LLC, the "Elite Concrete Defendants"); Evans Concrete, LLC; Thomas

Concrete, Inc.; Thomas Concrete of Georgia, Inc.; Thomas Concrete of South

Carolina, Inc. (collectively with Thomas Concrete Inc. and Thomas Concrete of

Georgia, Inc., the "Thomas Defendants"); Holcim (US) Inc.; Cemex Materials, LLC; Cemex Southeast, LLC; Cemex, Inc. (collectively with Cemex Materials, LLC and Cemex Southeast, LLC, the "Cemex Defendants"); Troy Baird; and Hurley Sellous (Trey) Cook, III ("Defendants").[1]  [See Docs. 292, 293].

The Court set forth the relevant procedural background and summarized the various Parties' positions with respect to Plaintiffs' motion to reopen this case in an Order dated May 20, 2022.  [See Doc. 296].  By that same Order, the Court directed the Parties to file a joint notice on the docket, within twenty-one (21) days, setting forth the discovery tasks that they could complete if the Court were to (1) reopen this case and (2) allow discovery to proceed subject to the same limitations set forth in its September 16, 2020 Order.  [See id. at 4] (citing [Doc. 254]).  In response to the Court's May 20, 2022 Order, the Parties timely filed their "Joint Notice Regarding Motion to Reopen Case" on June 10, 2022.  [Doc. 297].  Accordingly, Plaintiffs' motion to reopen the case is ripe for the Court's review.  [See Doc. 288]. After assessing Plaintiffs' motion, the Court addresses the "pending discovery disputes" the Parties raise in their joint notice.  [See Doc. 297 at 2].

---

[1] The Court notes that although it refers to "Defendants" and "the Parties" in this order, one Defendant did not join or participate in any of the relevant filings: Defendant Coastal Concrete Southeast II LLC ("Coastal").  Defendant Coastal is not currently represented by counsel.  [See Docs. 264, 270].

I.      **Plaintiffs' Motion to Reopen the Case**

    A.      **Legal Standard**

By their "Motion to Administratively Reopen the Case," Plaintiffs ask the Court to lift a stay of proceedings that was previously imposed in this civil case due to an ongoing related criminal case.[2]    [See Doc. 288].    "Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay of the latter." Doe 1 v. City of Demopolis, CIV A 09-0329-WS-N, 2009 WL 2059311, at *2 (S.D. Ala. July 10, 2009).  Rather, "a court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice[.]"  United States v. Lot 5, Fox Grove, Alachua Cnty., 23 F.3d 359, 364 (11th Cir. 1994).  Nonetheless, a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 706–07 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  And "district courts enjoy broad discretion in deciding how best to manage the cases before them[.]"  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997); accord Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("district courts [possess] broad

---

[2] To be clear, the Court completely stayed these proceedings by its Order dated March 18, 2021, which administratively closed this action pending the disposition of a related criminal case, United States v. Evans Concrete, LLC, et al., Criminal Action No. 4:20-cr-00081-RSB-BKE (S.D. Ga.) (the "Criminal Case").  [Doc. 279].  For purposes of the instant analysis, Plaintiffs' motion to reopen this action is functionally equivalent to a motion to lift a stay.

discretion over the management of pre-trial activities, including discovery and

scheduling"). In the Eleventh Circuit, district courts:

> typically consider some variation of the following factors when
> determining whether a civil action should be stayed in light of criminal
> proceedings:
>
> > 1) the extent to which the issues in the criminal case overlap with
> > those presented in the civil case; 2) the status of the case,
> > including whether the defendants have been indicted; 3) the
> > private interests of the plaintiffs in proceeding expeditiously
> > weighed against the prejudice to plaintiffs caused by the delay;
> > 4) the private interests of and burden on the defendants; 5) the
> > interests of the courts; and 6) the public interest.

S.W. v. Clayton Cnty. Pub. Schs., 185 F. Supp. 3d 1366, 1371–72 (N.D. Ga. 2016)

(quoting Doe 1, 2009 WL 2059311, at *3).

## B.    Discussion

By their instant motion, Plaintiffs request that the Court reopen this civil

action and allow discovery to proceed without limitation. [See generally Doc. 288].

Defendants and the DOJ oppose Plaintiffs' motion. [See generally Docs. 292, 293].

Should the Court be inclined to reopen the case, the DOJ alternatively requests that

the Court enter "the limited stay for which the United States moved—unopposed—

on March 17, 2021, to protect the integrity of the pending criminal prosecution in

the Southern District of Georgia[.]" [Doc. 292 at 1].

Upon careful review and consideration of the Parties' briefs as well as their

joint notice, the Court finds it appropriate to reopen this case and enter a limited stay

of discovery pursuant to the terms proposed by the DOJ. [See Docs. 278-3, 279, 288, 292, 293, 294, 297]. In reaching this conclusion, the Court considers the above six (6) factors, beginning with "the extent to which the issues in the criminal case overlap with those presented in the civil case." Clayton Cnty. Pub. Schs., 185 F. Supp. 3d at 1371–72.

"Although many factors are relevant, 'the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant [or lift] a stay.'" See Lay v. Hixon, No. 09-0075-WS-M, 2009 WL 1357384, at *3 (S.D. Ala. May 12, 2009) (quoting Dominguez v. Hartford Fin. Servs. Grp., Inc., 530 F. Supp. 2d 902, 906–07 (S.D. Tex. 2008)); see also, e.g., Chao v. Fleming, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007) ("[T]he extent to which the issues in the criminal case overlap with those in the civil case[] is regarded as 'the most important factor' because '[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay.'" (quoting Metzler v. Bennett, No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998))); SEC v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) ("The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding.").

Regarding this factor, the DOJ and Defendants emphasize the significant overlap of Parties and issues between this civil action and the Criminal Case. [See Docs. 292 at 8; 293 at 5]. Notably, the indictment in the Criminal Case "charges one of the Defendants in this action (Evans Concrete), the owner and president of Defendant Evans Concrete (Timothy Strickland), two former employees of Defendant Argos (Greg Melton and James Pedrick), and a former employee of Defendant Elite Concrete (David Melton)." [Doc. 292 at 8]. Put differently, "of the five criminal defendants, one (Evans Concrete) is a [D]efendant here, and the other four are individuals employed or formerly employed by [D]efendants here." [Doc. 293 at 5]. Additionally, the DOJ and Defendants contend that both the Criminal Case and this civil action "involve much of the same conduct" and "many of the same facts[.]" [See Docs. 292 at 8; 293 at 5]. Specifically, the indictment in the Criminal Case alleges that the defendants in that action "entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices, rigging bids, and allocating markets for sales of ready-mix concrete." [Doc. 292 at 9]. These allegations closely mirror the preamble of the operative Complaint in the instant civil matter, which alleges that Defendant Evans Concrete, the Argos Defendants, the Thomas Defendants, and the Elite Concrete Defendants "allocated customers, rigged bids, and engaged in group boycotts of nonparticipating competitors, all in a quest to fix . . . the price of ready mix [cement]." 2d Am.

Compl. at 2.  Although Plaintiffs maintain that their claims "require significant

discovery on issues that have no overlap with" the Criminal Case—specifically, with

regards to "[D]efendants' group boycott" of Plaintiffs' businesses—they

simultaneously concede that "[t]here is, of course, overlap because the same

conspiracy that fixed ready mix prices also undertook the group boycott of

[P]laintiffs." [Doc. 294 at 4].  For all these reasons, the Court finds that the overlap

between this matter and the Criminal Case weighs heavily against Plaintiffs' request

to reopen this case with unfettered discovery.  See Lay, 2009 WL 1357384, at *3.

Similarly, the second and fourth factors (the status of the parallel criminal case

and the burden on the defendants, respectively) weigh against Plaintiffs' instant

request.  See Clayton Cnty. Pub. Sch., 185 F. Supp. 3d at 1371–72.  Here, the grand

jury has already returned its indictment in the Criminal Case, and the United States

expects to begin trial "sometime between fall 2022 and early 2023." [See Docs. 292

at 9; 293 at 6].  And as the Southern District of New York succinctly explained:

> When a defendant has been indicted, his situation is particularly
> dangerous, and takes a certain priority, for the risk to his liberty, the
> importance of safeguarding his constitutional rights, and even the strain
> on his resources and attention that makes defending satellite civil
> litigation particularly difficult, all weigh in favor of his interest.
> Moreover, if the potential prejudice to the defendant is particularly high
> post-indictment, the prejudice to the plaintiff of staying proceedings is
> somewhat reduced, since the criminal litigation has reached a crisis that
> will lead to a reasonably speedy resolution.  See 18 U.S.C. §§ 3161–74
> (Speedy Trial Act).  Furthermore, at that stage in the criminal
> proceeding, the contours of the indictment will provide the [c]ourt with
> a reasonable basis for determining the extent of the threat to the

defendant's Fifth Amendment rights, and the likely extent and timing
of the criminal litigation.

Sterling Nat'l. Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).  Given the status of the Criminal Case, the Court acknowledges the significant likelihood that unrestricted discovery in the instant civil matter would likely lead Defendants and their witnesses to invoke their Fifth Amendment rights, which could result in substantial prejudice to Defendants.  See Clayton Cnty. Pub. Schs., 185 F. Supp. 3d at 1372; see also Healthsouth Corp., 261 F. Supp. 2d at 1325 ("discovery in the case before the court has been, and will continue to be, all but meaningless, as many witnesses have, and will continue to, assert their Fifth Amendment privileges"); Four In One Co., Inc. v. SK Foods, L.P., No. CIV S-08-3017 MCE, 2010 WL 4718751, at *5 (E.D. Cal. Nov. 12, 2010) ("Here, there is significant overlap between the civil and criminal actions, and any attempt by plaintiffs to depose [defendant] in the civil action will implicate his Fifth Amendment rights.  If discovery moves forward, [defendant] will be faced with the difficult choice between asserting his right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case." (cleaned up and internal citation omitted)).  Further, both Plaintiffs and Defendants seem to suggest that it would be appropriate to conduct depositions of witnesses involved in the Criminal Case after the conclusion of the criminal proceedings.  [See Docs. 293 at 3; 294 at 11].  Accordingly, the Court finds that the status of the Criminal Case

and the burden on Defendants weigh against Plaintiff's request for this action to be reopened without any limitation on discovery.

Next, the Court agrees with Defendants and the DOJ that the public's interest in the parallel criminal prosecution and efficient use of judicial resources—the fifth and sixth factors of the instant analysis—both weigh against Plaintiffs' proposed course of action.  See Clayton Cnty. Pub. Sch., 185 F. Supp. 3d at 1372.  The public has a strong interest in the prosecution of the Criminal Case and criminal enforcement of antitrust laws.  See Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 532 (S.D.W. Va. 2005) (explaining that the plaintiff's interest in resolving his claims "pales in comparison to the public interest as a whole in unraveling the criminal . . . scheme and punishing those responsible for that scheme").  Moreover, by restricting discovery in this civil action during the pendency of the Criminal Case, the Court and the Parties will not waste time and resources on duplicative discovery, unnecessary discovery disputes, or addressing issues that may be resolved as part of the Criminal Case.  E.g., Grand Jury Procs. (Williams) v. United States, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); SEC v. Christian Stanley, Inc., No. CV 11–7147 GHK (MANx), 2012 WL 13009158, at *5 (C.D. Cal. Sept. 6, 2012) ("If the investigation were to result in a criminal conviction, collateral estoppel may resolve common issues between the

proceedings, thereby streamlining the civil proceeding."). Thus, these factors weigh against Plaintiffs' request to reopen this case without any restrictions on discovery.

The Court acknowledges Plaintiffs' strong interest in expeditiously resolving this case (which corresponds to the third factor in the six (6)-factor analysis). See Clayton Cnty. Pub. Sch., 185 F. Supp. 3d at 1372. However, the Court cannot find that this interest outweighs the totality of the other five (5) factors discussed above, which counsels against fully lifting the stay of discovery in this case.

Accordingly, the Court grants in part and denies in part Plaintiffs' motion. [Doc. 288]. While the Court reopens this case, the Court also imposes a limited stay of discovery pursuant to the terms proposed by the DOJ, as set forth fully in the conclusion of this order.[3] Finally, the Court assigns this case to a four (4)-month discovery track, to conclude on Friday, February 17, 2023.[4]

## II.    Pending Discovery Disputes

In their June 10, 2022 joint notice, the Parties raise two (2) purportedly pending discovery disputes that they claim were "either pending before the Court"

---

[3] The Court notes that the United States District Court for the District of South Carolina recently utilized this same approach in a related civil action, Pro Slab Inc., et al. v. Argos Ready-Mix LLC, et al., No. 2:17-cv-3185-BHH (D.S.C.). Specifically, that court granted the United States' recent motion to extend a limited stay of discovery, although that case was not administratively closed and thus did not require reopening. [See Doc. 292-1 at 31:1–5] ("The [c]ourt is going to grant the motion at this time. After reviewing the [parties'] arguments, I think the United States' arguments in favor of continuing the stay are stronger than the plaintiff's arguments for lifting the stay.").

[4] Defendants Troy Baird and Hurley Sellous (Trey) Cook, III have both filed motions to dismiss. [See Docs. 217, 219]. However, at present, neither Defendant Baird nor Defendant Cook has submitted a motion to stay discovery pending the Court's resolution of their motions.

prior to the case being administratively closed on March 18, 2021, "or [had been] resolved [at that time] in a manner that preserved the [P]arties' ability to seek relief." [See Doc. 297 at 2]. Specifically, the joint notice discusses: (1) the "Joint Discovery Statement" filed by Plaintiffs and the Cemex Defendants on December 4, 2020; and (2) the "Consolidated/Joint Discovery Statement" filed by Plaintiffs and the Argos Defendants on April 20, 2021, regarding a non-party subpoena Plaintiffs served on Verizon Wireless. [See id.] (citing [Docs. 267, 280]).

The issues involved in the discovery disputes between Plaintiffs and the Cemex Defendants have been fully briefed and are ripe for resolution.[5] [See Docs. 255, 258, 260, 267]. By an Order dated April 23, 2021, the Court already addressed the disagreement between Plaintiffs and the Argos Defendants regarding Plaintiffs' subpoena on Verizon Wireless. [See Docs. 280, 281]. In its Order, the Court denied the requests Plaintiffs made in their joint discovery statement with the Argos Defendants and noted that Plaintiffs could re-file an appropriate motion "should this matter be re-opened following the disposition of the related criminal matter." [Doc. 281 at 2]. In the instant joint notice, Plaintiffs and the Argos Defendants represent that they intend to bring their discovery dispute regarding the

---

[5] The disputes between Plaintiffs and the Cemex Defendants were briefed as part of a motion to compel by Plaintiffs, which the Court denied for failure to comply with the undersigned's requirement that parties file a joint/consolidated discovery statement prior to filing any motion to compel. [See Doc. 269].

Verizon Wireless subpoena "to the Court once again." [Doc. 297 at 3]. Additionally, the Parties' joint notice indicates that they "anticipate that court involvement may prove necessary to resolve" separate, forthcoming discovery disputes. [Id. at 6].

In light of the discovery disputes between the Parties and considering the limitations on discovery necessitated by the Criminal Case, the Court finds it appropriate to refer this matter to a Magistrate Judge. At this time, the only active discovery disputes are those between Plaintiffs and the Cemex Defendants. [See Docs. 255, 258, 260, 267]. However, should Plaintiffs and the Argos Defendants choose to reignite their dispute regarding the Verizon Wireless subpoena, the Court finds it appropriate for the same Magistrate Judge to consider and resolve any related motions. [See Docs. 281 at 2; 297 at 3].

## III.    Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' "Motion to Administratively Reopen the Case." [Doc. 288]. Specifically, the Court **GRANTS** Plaintiffs' motion to the extent that it requests that the Court reopen this case. The Court **DIRECTS** the Clerk to **REOPEN** this case. However, the Court **DENIES** Plaintiffs' request to permit discovery to proceed without limitation. Instead, the Court **ORDERS** that discovery may proceed subject to the following limitations, which shall remain in effect until the Court declares otherwise:

1) The Parties may conduct limited discovery in this case for a period of four (4) months, to conclude on Friday, February 17, 2023.

2) The Parties are prohibited from conducting any depositions or issuing any requests for admissions.

3) The Parties are prohibited from issuing or responding to any interrogatories or requests for production that refer, reflect, or relate to any Party's or witness's communications with the DOJ in connection with the grand jury investigation in the Criminal Case or with the grand jury that conducted that investigation (including, but not limited to, the fact or existence of such communications). Requests calling for documents identified as having been produced to the DOJ or the grand jury are stayed. However, the fact that a document was produced to the DOJ or the grand jury during the course of grand jury proceedings does not make the document non-discoverable. Although no Party shall be required to identify documents as having been produced to the DOJ or grand jury, no Party is precluded from identifying its own documents as having been produced to the DOJ or the grand jury.

4) All formal discovery requests shall be served on the DOJ at the same time as they are served on the receiving Party. The DOJ and any Party may

object to discovery on the basis that the requested discovery seeks information or documents prohibited under this order.

5) The DOJ shall notify the Court and the Parties promptly upon the disposition of the Criminal Case, which shall occur when the charges against all defendants have been resolved by dismissal, guilty plea, or trial verdict.

6) If the DOJ determines prior to the disposition of the Criminal Case that the limited stay of discovery is no longer necessary, it should immediately notify the Court and the Parties.

Finally, the Court **REFERS** the pending discovery disputes in this matter [Docs. 255, 258, 260, 267] to the next available Magistrate Judge for resolution. The Court **DIRECTS** the Parties to confer and submit a joint update regarding the status of discovery—including what tasks the Parties have completed, what tasks remain to be completed, and updates from any proceedings before the Magistrate Judge— every four (4) weeks for the duration of the four (4) month discovery period. Thus, the Parties' first joint status update should be filed no later than Monday, November 14, 2022.

**SO ORDERED**, this 17th day of October, 2022.

Eleanor L. Ross
United States District Judge
Northern District of Georgia