**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SOUTHEAST READY MIX, LLC,         \*
et al.,                                                     \*
                                                              \*
          Plaintiffs,                                 \*
                                                              \*
     v.                                                     \*          1:17-CV-02792-ELR
                                                              \*
ARGOS NORTH AMERICA CORP.,    \*
f/k/a ARGOS USA CORP., et al.,            \*
                                                              \*
          Defendants.                              \*
                                                              \*

————————

**O R D E R**

————————

On September 24, 2020, Attorneys David Michael Burkoff; Allan C. Galis;

and the law firm Hunter, Maclean, Exley & Dunn, P.C. filed a motion to withdraw

as counsel of record for Defendant Coastal Concrete Southeast II, LLC ("Coastal").

[Doc. 256]. The Court granted the motion to withdraw on November 10, 2020.

[Doc. 264]. Additionally, the Court directed Defendant Coastal to file a notice

within twenty-one (21) days setting forth the name, current address, and telephone

number of its new counsel.[1]  [Id.]  Defendant Coastal did not take any action in response to the Court's November 10, 2020 Order.

Thereafter, on December 7, 2021, the Court issued an Order noting Defendant Coastal's previous inaction and directing it to show cause, within seven (7) days, why default should not be entered against it for failure to comply with the Court's pretrial instructions pursuant to Local Rule 16.5.  [See Doc. 270].  Once again, Defendant Coastal took no action in response to the Court's Order.

On March 18, 2021, the Court administratively closed this matter.  [See Doc. 279].  However, by an Order dated October 17, 2022, the Court reopened the case.  [See Doc. 298].  To date, Defendant Coastal has never made any filing or taken any action of record in response to the Court's two (2) previous Orders.  [Docs. 264, 270].

Accordingly, the Court **DIRECTS** the Clerk to enter default against Defendant Coastal.  See LR 16.5, NDGa. ("Failure to comply with the [C]ourt's pretrial instructions may result in the imposition of sanctions, including dismissal of the case or entry of a default judgment.").

---

[1] As the Court noted in its November 10, 2020 Order, Defendant Coastal must be represented by an attorney because it is an artificial entity.  [See Doc. 264 at 2]; see also, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–02 (1993); Osborn v. President of Bank of U.S., 22 U.S. 738, 829 (1824); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); ReadyCap Lending, LLC v. All. for Change Through Treatment, LLC, 1:18-C-3709-CC, 2018 WL 4482061 (N.D. Ga. 2018).

**SO ORDERED**, this 17th day of October, 2022.

_____

Eleanor L. Ross
United States District Judge
Northern District of Georgia